STATE of Iowa, Appellee,

v.

Otis Franklin JENKINS, Appellant.

No. 86–811.

Supreme Court of Iowa.

Sept. 23, 1987.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Pamela Greenman Dahl, Asst. Atty. Gen., and Lynn K. Fillenwarth, Co. Atty., and Richard J. Meyer, Asst. Co. Atty., for appellee.

NEUMAN, Justice.

In the dark, early morning hours of December 14, 1985, a 67–year-old woman was viciously beaten and sexually assaulted in her home in Emmet County, Iowa. Although unable to see her assailant clearly, she immediately identified him as the young man living in a nearby trailer court who frequently passed by her home and recently sought work shoveling snow from her sidewalk. Following up on that lead, police searched the trailer home of defendant Otis Franklin Jenkins, where they found his jeans, underwear, gloves and jacket stained with blood and fecal material subsequently identified as the victim's.

Defendant, charged with the crimes of first-degree sexual assault and first-degree burglary, posed alternative defenses of intoxication, insanity and alibi. *See* Iowa R.Crim.P. 10(11)(a), (b) and (c). The case proceeded to trial. At the close of the evidence, defendant attempted to abandon the intoxication defense, claiming insufficient evidence to support a jury instruction on the issue. Guilty verdicts were returned by the jury on both counts and judgments entered accordingly. *See* Iowa Code §§ 709.2, 713.3 (1985).

On appeal, defendant advances two possible grounds for reversal of his conviction. First, he claims the trial court abused its discretion by denying his pretrial motion to bifurcate the trial on the issues of insanity and guilt. Second, he claims the court erroneously instructed the jury concerning the defense of voluntary intoxication. We affirm.

I. Pretrial psychiatric examinations of defendant revealed that he suffered from schizo-affective illness, a clinical syndrome characterized by psychotic symptoms having to do with thought disorder or bizarre and unusual behavior including delusions and hallucinations. Whether this psychosis (with or without the impact of other stress factors or disinhibitors such as drugs and alcohol) would cause defendant's inability to understand the nature of his acts and the difference between right and wrong on the night of the burglary and assault, was to be a critical fact question in the trial.

Additionally, defendant's clinical history revealed a certain pride "when talking about his sexual and drinking exploits." However, defendant professed absolutely no recollection of the events of December 14, other than having fallen asleep at about 1 a.m. in the trailer he shared with his common-law wife, Laura Jenkins. Laura recalled that an argument before bed resulted in defendant's banishment to the living room sofa, but at no time did she hear him leave the trailer. Based on her recollection of these early morning hours, an alibi defense was proposed.

One day before trial was scheduled to commence, defendant moved to bifurcate the trial on the ground that "[i]f defendant is forced to present this [insanity defense] testimony at the same trial on the charges themselves, it will be impossible to prevent

the jury from inferring the defendant is admitting guilt, [thus] there is no way to ensure a fair trial without bifurcation."

This court has previously considered, but never squarely addressed, the dilemma faced by a criminal defendant seeking to present the inconsistent defenses of insanity and alibi. *See State v. Collins,* 236 N.W.2d 376 (Iowa 1975) (Rawlings, J., concurring), *cert. denied,* 426 U.S. 948, 96 S.Ct. 3166, 49 L.Ed.2d 1184 (1976); *State v. Moses,* 320 N.W.2d 581 (Iowa 1982). Defendant contends that these opinions suggest that in Iowa a defendant is entitled to a bifurcated trial when the psychiatric examination forces the defendant to disclose information otherwise protected by the fifth amendment.

■ Even if we were to discern such a requirement from *Collins* and *Moses,* defendant's case would fall far short of such a rule's application. In each of these cases upon which defendant relies, the importance of bifurcation to the fairness of the defendant's trial is said to be determined by the extent to which the psychiatric examination elicits inculpatory testimony which cannot be excised without diminishing the force of the insanity defense. *State v. Collins,* 236 N.W.2d at 382; *State v. Moses,* 320 N.W.2d at 583. We are simply not confronted with such a dilemma in the present case. But for an isolated, historical reference to defendant's pride in his sexual exploits, the psychiatric testimony yielded no admissions or inculpatory statements. Defendant simply professed no recollection of the crime.

■ Defendant's alternative reliance on *United States v. Bennett,* 460 F.2d 872 (D.C.Cir.1972), is similarly unavailing. Here defendant's focus shifts from concern with the unfairness of compelled testimony to the alleged prejudice inherent when evidence relevant only to the issue of sanity becomes tantamount to a confession of guilt. In *Bennett,* the state's psychiatrist testified that the defendant's sanity was evidenced by his precise recollection of the

events surrounding the crime and his expressed feelings about them. The court concluded that where the defendant presents a substantial defense both on the merits and on the issue of sanity, an abuse of discretion may be found for failure to bifurcate the proceedings. *Id.* at 878.

There is absolutely no support in the record before us to sustain defendant's reliance on the "substantial defenses" theory of *Bennett.* Given the overwhelming physical evidence placing defendant at the scene of the crime,[1] his feeble alibi cannot reasonably be characterized as a "substantial defense." Under the facts presented, we can find no abuse of discretion in the trial court's decision denying defendant's motion to bifurcate.

■ II. Defendant also claims prejudicial error in the trial court's insistence that the jury be instructed on the effects of voluntary intoxication.

Prior to trial, defendant gave timely notice of his intent to rely on the defense of intoxication in accordance with Iowa Rule of Criminal Procedure 10(11)(a). At trial, a number of witnesses testified to defendant's consumption of alcohol and drugs during the hours preceding the assault. One friend observed the defendant at a party drinking beer, mixed drinks and whiskey. Another observed defendant drink an unknown number of beers and two to three shots of whiskey. Laura Jenkins, admitting she and defendant had smoked marijuana earlier in the evening, reported that defendant was stumbling and smelled like alcohol when he returned to the trailer approximately one hour before the crime occurred. The defendant himself, testifying that he had drunk twelve cans of beer and two to three shots of whiskey, described himself as "drunk" at the party. He further reported stumbling and falling outside the trailer when he returned home, unable to unlock the door.

At the close of all the evidence, defendant objected to the following proposed in-

---

1. In addition to the blood and fecal-stained clothing previously described, lab reports revealed defendant's head and pubic hairs at the scene of the crime and the victim's hair on defendant's clothing.

structions on the intoxication issue, claiming that the defendant had not advanced an intoxication defense at trial:

*Instruction 40.*

If you find that Defendant voluntarily became intoxicated, by drugs and/or alcohol, and that intoxication aggravated a pre-existing psychological or mental condition, so as to result in Defendant being unable to distinguish right from wrong or unable to appreciate the nature and extent of his actions, you shall disregard No. 43 [insanity defense] but shall proceed to consider instruction No. 41.

However, if you do not find intoxication to be the sole aggravating cause, you will consider Instruction No. 43.

*Instruction 41.*

The Defendant has claimed that at the time and place of the commission of the offenses he was intoxicated. The fact that a person is under the influence of intoxicants (drugs) does not excuse nor does it aggravate his guilt. However, intoxication may be shown where it is relevant to the person's specific intent at the time of the act charged.

However, even though a person is under the influence of an intoxicant, if he still possesses a mental capacity sufficient to form the intent requisite to the offenses charged; or if he has the intent present in his mind before he falls under the influence of the intoxicant and then commits the act, he will not be absolved of the responsibility for the act. Thus, intoxication is a material issue only when it produces a mental disability such as will render the person incapable of forming the intent which is an element of the offenses charged.

In considering the question of the Defendant's intoxication, it should be considered along with all the other evidence in the case which bears on the question of intent which is explained in Instruction No. 12.

The issue of Defendant's intoxication does not change or alter the burden resting upon the State to prove by evidence beyond a reasonable doubt that Defendant was able to and did form the specific intent required.

At no time, either at trial or on appeal, has defendant argued that he had a right not to avail himself of the intoxication defense as a matter of trial strategy. *See generally, State v. Dunn,* 202 Iowa 1188, 1194, 211 N.W. 850, 853 (1927); *Granteer v. Thompson,* 203 Iowa 127, 132–33, 208 N.W. 497, 499 (1926). Rather, defendant insists that his defense was prejudiced by the trial court's submission of an issue unsubstantiated by the evidence. *See State v. Burt,* 249 N.W.2d 651, 655 (Iowa 1977). Specifically, defendant claims that the trial court's instruction permitted the jury to disregard defendant's primary defense of insanity.

We cannot agree. There was considerable testimony, both from State and defense witnesses, pointing to defendant's intoxication on the night in question. Moreover, questions concerning the effect of alcohol on defendant's mental state were posed by defense counsel to the psychiatrist testifying on defendant's behalf. It is well settled that the court must instruct on all material issues so that the jury understands the matters which they are to decide. *State v. Van Rees,* 246 N.W.2d 339, 343 (Iowa 1976). The trial court did so here and we find no merit in defendant's argument to the contrary.

Having considered and rejected both of defendant's alleged grounds for reversal, we hereby affirm defendant's convictions.

AFFIRMED.