**STATE of Iowa, Appellee,**

v.

**Jerry Dean BROUGHTON, Appellant.**

No. 87–507.

Supreme Court of Iowa.

June 15, 1988.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Pamela Greenman Dahl, Thomas H. Miller, Asst. Attys. Gen., and Paul M. Goldsmith, Co. Atty., for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Presiding Justice.

Jerry Dean Broughton was convicted of first-degree murder, Iowa Code § 707.2 (1985), in the killing of a robbery victim, Harold Horner. On his appeal, Broughton raises only one issue: the court's refusal to instruct on his defense of intoxication. We reverse and remand for a new trial.

The State's case at trial consisted largely of testimony of Broughton's brother, Dennis Broughton, and his cousin, Michael Followill, who testified pursuant to plea agreements with the county attorney. From the evidence, the jury could find the following facts. On December 6, 1979, Followill and the Broughton brothers were driving around in Missouri and Iowa. The defendant suggested they rob Horner, an elderly man he knew of, and the three went to Horner's house. Followill held a gun on the victim, and the defendant searched the house for money. A coin purse yielded $5.25, which they took. Followill left the house, then heard a shot. He went back in and found Horner lying on the floor. The trio drove away, and Broughton threw the gun out the pickup window. Both Dennis Broughton and Followill testified that the defendant was the one who shot Horner.

Prior to trial, Broughton served a notice of alibi, Iowa R.Crim.P. 10(11)(a), and a notice of his intention to rely on the defense of intoxication, Iowa R.Crim.P. 10(11)(c). At the trial, he introduced evidence on both defenses, producing testimony that he was at home at the time of the killing and that he was intoxicated at the time. Judge Bown refused Broughton's request for an instruction on the defense of intoxication, stating that, "since you are denying your presence, there is no reason to give that instruction, because you weren't there."

## I. *The Intoxication Instruction.*

Intoxication, of course, is not a complete defense to a crime; it is relevant, however, "in proving the person's specific intent ... or in proving any element of the public offense...." Iowa Code § 701.5. In a murder case, this means that proof of intoxication sufficient to negate specific intent to kill will reduce first-degree murder to second-degree murder. *State v. Wilson*, 234 Iowa 60, 76, 11 N.W.2d 737, 745 (1943);

*State v. Johnson*, 211 Iowa 874, 882, 234 N.W. 263, 267 (1931).[1]

■ This court has apparently not addressed the question of whether it is error to refuse an instruction on voluntary intoxication when the defendant also asserts an alibi. We have considered an analogous question, however, of whether a defendant may simultaneously assert a claim that he did not commit the act and also claim entrapment. We held he could not. *State v. Bruno*, 204 N.W.2d 879 (Iowa 1973). We said in *Bruno* that,

> [a]lthough the doctrine of entrapment may be asserted even though defendant pleads not guilty, ordinarily the defense is not available where defendant denies commission of the very acts upon which the prosecution is predicated. Such a denial is inconsistent with the defense, which assumes the offense charged was committed but permits accused to seek relief from guilt on the ground that criminal intent or design was not his, but rather that of employees or agents of the government who planted the idea in his otherwise innocent mind by suggestion or solicitation.

*Id.* at 882. The State relies heavily on *Bruno* in the present case.

In another analogous case, we held it was not error to give instructions on both the defenses of insanity and intoxication. In that case, *State v. Jenkins*, 412 N.W.2d 174 (Iowa 1987), the defendant's principal defense was insanity, but he also introduced evidence that he was intoxicated. At the conclusion of the trial, the court instructed the jury on the effect of voluntary intoxication, over the defendant's objection. We held that the court had a duty to instruct on all issues raised by the evidence, and it was not error for the court to instruct on both defenses. *Id.* at 177. While we held in *Jenkins* that it was *permissible* to give instructions on inconsistent defens-

---

**1.** Because intoxication bears only on intent or an element of the crime, Iowa Code § 701.5, and cannot excuse the act, the term intoxication "defense" is not entirely accurate. We have, in fact, criticized the use of the term for that reason. *See, e.g., State v. Hoffer*, 383 N.W.2d 543,

547 (Iowa 1986); *State v. Collins*, 305 N.W.2d 434, 437 (Iowa 1981). Nevertheless, our rules still refer to it as an intoxication defense, *see* Iowa R.Crim.P. 10(11)(c), and we will refer to it as such in this opinion.

es, we did not decide the issue now before us: whether it is error for the court to *refuse* to do so.

Broughton concedes that the defenses of alibi and voluntary intoxication are inconsistent. The State contends they are more than inconsistent; they necessarily "disprove" each other; and to allow a defendant to affirmatively deny involvement in the crime, yet receive an instruction on an affirmative defense such as intoxication serves only to encourage perjury and confusion.

Broughton points out that our civil rules permit a defendant to raise "as many defenses, legal or equitable, as the pleader may claim, which may be inconsistent." Iowa R.Civ.P. 72. In a civil case, the court must instruct on the law applicable to all material issues in the case, Iowa R.Civ.P. 196; and rule of criminal procedure 18(5)(f) provides that "rules relating to the instructions of juries in civil cases shall be applicable to the trial of criminal prosecutions."

The general rule is that a criminal defendant may present diverse theories of defense, even those as "inconsistent" as insanity and alibi. *See* 22 C.J.S. *Criminal Law* § 54, at 192–93 (1961) ("[T]he fact that one defense is on the theory that accused did not commit the offense, as where he relies on alibi, does not deprive him of the right to avail himself of other defenses, although based on the theory of justification or excuse."); *see also* 21 Am.Jur.2d *Criminal Law* § 183, at 337–38 (1981) ("It is the right of an accused to utilize any and all defenses in his behalf, and to present as many defenses as he has or thinks he has.").

We have given at least tacit approval of the concept of inconsistent defenses in passing on a claim of ineffective assistance of counsel. In *State v. Losee*, 354 N.W.2d 239 (Iowa 1984), the defendant complained that he was denied effective assistance of counsel because his lawyer, in summation to the jury, argued that Losee did not kill the victim but, assuming he had, he suffered from diminished capacity. This court held that raising diminished capacity as a defense "would not necessarily contradict defendant's denial that he committed the killings. Even assuming the defenses were inconsistent, the decision to advance two different theories of non-culpability is a trial tactic or strategy." *Id.* at 244. We also noted that the defendant's trial counsel, who were experienced trial lawyers, were presenting "any and all possible defenses." *Id.*

The Ninth Circuit, in discussing inconsistent defenses in the context of entrapment, has stated:

It is well established that a defendant in a criminal prosecution may assert inconsistent defenses. The rule in favor of inconsistent defenses reflects the belief of modern criminal jurisprudence that a criminal defendant should be accorded every reasonable protection in defending himself against governmental prosecution. That established policy bespeaks a healthy regard for circumscribing the Government's opportunities for invoking the criminal sanction.

*United States v. Demma*, 523 F.2d 981, 985 (9th Cir.1975) (footnote omitted).

*Demma* cites several cases in support, including *United States v. Harrell*, 436 F.2d 606, 611–12 (5th Cir.1970) (defendant denied conspiracy and claimed entrapment); *Johnson v. United States*, 426 F.2d 651, 656 (D.C.Cir.1970) (defendant denied intercourse and claimed consent); *Hansford v. United States*, 303 F.2d 219, 222 (D.C.Cir. 1962) (defendant denied drug transaction and claimed entrapment); *Whittaker v. United States*, 281 F.2d 631, 632 (D.C.Cir. 1960) (defendant denied act and claimed insanity).

A fairly broad view toward allowing inconsistent defenses is suggested in *United States v. Valencia*, 645 F.2d 1158 (2d Cir. 1980). The court, however, noted that the federal circuits are

literally and figuratively spread all over the map on this question. Indeed several circuits have either modified or completely changed their positions during the last decade. The First, Third, Seventh, and Tenth Circuits have never permitted a defendant to raise inconsistent defenses, while the District of Columbia and

Fourth Circuits have consistently permitted such defenses. The Ninth Circuit used to prohibit inconsistent defenses, but now permits them. The Sixth Circuit has gone in the opposite direction, since it used to allow them, but now apparently prohibits them. The Fifth Circuit generally does not permit inconsistent defenses, but has created several exceptions and has begun to question the propriety of the general ban. Finally, the Eighth Circuit like the Second leaves the question undecided despite earlier cases indicating inconsistent defenses were impermissible.

*Id.* at 1170–72 (footnotes omitted); *see also United States v. Mora,* 768 F.2d 1197, 1198 (10th Cir.1985) (more recent review of the circuit court holdings on this issue).

State courts have generally held that a defendant is entitled to the benefit of any defense shown by the evidence, even if the facts on which such defense is based are inconsistent with the defendant's own testimony. *See State v. Harris,* 189 Conn. 268, 273, 455 A.2d 342, 344 (1983) (alibi and affirmative defense inconsistent, but defendant could rely on both; "[t]hat a defense is interposed which is inconsistent with the defendant's alibi theory does not preclude an instruction as to [an affirmative defense which would reduce the seriousness of the crime].") ; *McKibben v. State,* 115 Ga.App. 598, 600, 155 S.E.2d 449, 451 (1976) ("one accused of a crime may generally rely on inconsistent defenses"); *People v. Rodriguez,* 96 Ill.App.3d 431, 435–36, 51 Ill.Dec. 815, 818, 421 N.E. 2d 323, 326 (1981); *State v. Hunter,* 241 Kan. 629, ——, 740 P.2d 559, 569 (1987) (denial of killing victim did not preclude affirmative defense of self-defense); *People v. Fuqua,* 146 Mich.App. 133, 138, 379 N.W.2d 396, 399 (1985) (inconsistent defenses of misidentification and self-defense required to be given); *State v. Kills Small,* 269 N.W.2d 771, 773 (S.D.1978) (defendant denied presence at scene; nevertheless was error to refuse instruction on intoxication).

A Michigan court has noted in a case similar to the present one that "there is merit to the argument that it is inconsistent for a defendant to both assert that he was not at the scene of the crime and that, if he was, the crime he committed was a lesser offense than that charged." *People v. Bryant,* 80 Mich.App. 428, 431, 264 N.W. 2d 13, 16 (1978). Despite the inconsistencies of theories, the court in *Bryant* held that the defendant was entitled to an instruction on both, noting that " '[a] defense of alibi, *per se,* does not mean that a defendant may not be convicted of a lesser offense. A jury may disbelieve a defendant's alibi but nevertheless find that a disputed element of the principal charge was not proven.' " *Id.* at 432, 264 N.W.2d at 16 (quoting *People v. Membres,* 34 Mich.App. 224, 232 n. 7, 191 N.W.2d 66, 69 n. 7 (1971)). We believe the same rationale applies in the present case; the jury may disbelieve Broughton's alibi evidence yet believe that not all of the specific elements required for first-degree murder, particularly an intent to kill, were proven.

We hold it was error to refuse Broughton's requested instruction on voluntary intoxication on the ground it was inconsistent with his claim of alibi. Allowing a defendant to assert affirmative defenses, we believe, is consistent with the majority rule and with our own rules relating to the trial of civil matters. *See* Iowa R.Civ.P. 72, 196; *see also Love v. State,* 441 So.2d 1353, 1356 (Miss.1983) (litigant's right to assert alternative theories, even inconsistent theories, is no less compelling in criminal prosecutions).

Although we have some doubts about the continued validity of *Bruno's* holding that a criminal defendant who affirmatively denies the commission of the offense may not rely also on the affirmative defense of entrapment, we will address that question when it is raised.

## II. *Sufficiency of the Evidence.*

■ The State argues in the alternative that refusal to give the intoxication instruction was not prejudicial to Broughton, because the evidence was insufficient to support a finding of intoxication in any event.

■ A trial court must instruct on all material issues raised by the evidence. *See*

*Jenkins,* 412 N.W.2d at 177; *State v. Tomlinson,* 243 N.W.2d 551, 553 (Iowa 1976).' In order to obtain such an instruction, the defendant must produce substantial evidence to support it. *See State v. Lucas,* 368 N.W.2d 124, 127 (Iowa 1985) (diminished capacity defense based on involuntary intoxication). "Substantial" evidence means evidence which could convince a rational finder of fact that the defendant has established his affirmative defense. *Cf. State v. McFadden,* 320 N.W.2d 608, 614 (Iowa 1982); *State v. Mulder,* 313 N.W.2d 885, 888 (Iowa), *cert. denied,* 459 U.S. 841, 103 S.Ct. 90, 74 L.Ed.2d 83 (1981). In the present case, the evidence of intoxication was not particularly strong. Broughton, however, testified that he had been drinking extensively on the day of the crime and was intoxicated at the time it occurred. His brother and cousin, who were witnesses for the State, also testified he was intoxicated. We cannot say that a rational fact finder could not conclude Broughton was intoxicated to the point of being unable to form specific intent to kill.

Because the court erroneously refused to instruct on this affirmative defense, we reverse and remand for a new trial.

REVERSED AND REMANDED.