STATE of Iowa, Appellee,

v.

Charles D. WATKINS, Appellant.

No. 89–1302.

Supreme Court of Iowa.

Nov. 21, 1990.

Raymond E. Rogers, Appellate Defender, and Linda Del Gallo and Andi S. Lipman, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James Smith, County Atty., and Melodee Hanes, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

LARSON, Justice.

After the jury had deliberated for over two hours in the robbery trial of Charles D. Watkins, the court amended the instructions by inserting an alternative means of committing the offense. Watkins was found guilty and appealed, claiming error in the trial court's giving of the supplemental instruction.

When the evidence is viewed in the light most favorable to the verdict, it reveals that the victim of the robbery was working alone in a Des Moines store when the defendant entered, asked her about a dress, and browsed for a while. He then asked about a necklace. While the victim was picking up the necklace, Watkins grabbed her and said: "That's a holdup." He tied her hands, gagged her, shoved her to the floor, and sat on her. While Watkins was looking through the victim's purse, she was able to free herself and run.

The court charged the jury, in Instruction 11, that the State must prove the following elements for first-degree robbery:

1. On or about the 22nd day of December, 1988, the defendant had the specific intent to commit a theft.

2. To carry out his intention or to assist him in escaping from the scene, with or without the stolen property, the defendant threatened [the victim] with, or purposely put [the victim] in fear of immediate serious injury.

3. The defendant was armed with a dangerous weapon.

In instructing on the lesser-included offense of second-degree robbery, the court gave the same instruction but omitted the element that the defendant was armed. Neither party objected to these instructions.

After the jury had deliberated for over two hours, the prosecutor approached the judge and for the first time claimed that several of the instructions were erroneous. The court ordered the jurors to suspend their deliberations and await further instructions. Over the defendant's objection, the trial court amended the marshaling instructions by adding assault as an alternative means of committing the offense. The new instruction on first-degree robbery stated:

This Court further instructs you that you are to disregard Instruction No. 11 and now consider the following instruction in its place:

The State must prove all of the following elements of Robbery in the First Degree:

1. On or about the 22nd day of December, 1988, the defendant had the specific intent to commit a theft.

2. To carry out his intention or to assist him in escaping from the scene with or without the stolen property, the defendant:

a. *Committed an assault upon [the victim]*; or

b. Threatened [the victim] with, or purposely put [the victim] in fear of immediate serious injury.

3. The defendant was armed with a dangerous weapon.

(Emphasis added.) The court also changed the marshaling instruction on second-degree robbery by adding the assault alternative. After the amended instructions were given, the jury recommenced deliberations

and eventually found the defendant guilty of second-degree robbery.

■ The trial court has the duty to instruct the jury as to the law on all material issues supported by the evidence, Iowa R.Civ.P. 196; Iowa R.Crim.P. 18(5)(f), even without a request, *State v. Thomas*, 262 N.W.2d 607, 612 (Iowa 1978).

■ The issue is whether the court had authority to give these supplemental instructions under these circumstances where there is no request by the jury, the jury had been deliberating for over two hours, and the amendments in effect changed, rather than modified, the instructions.

Iowa Rule of Criminal Procedure 18(5)(g) provides:

After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information required may be given, in the discretion of the trial court. Where further information as to the testimony which was given at trial is taken by the jury, this shall be accomplished by the court reporter or other appropriate official reading from the reporter's notes. Where the court gives the jury additional instructions, this shall appear of record. Provided, that the procedures described in this section shall take place in the presence of defendant and counsel for the defense and prosecution, unless such presence is waived.

This rule leaves open the question whether the court may provide an additional instruction without a request by the jury. However, Iowa Rule of Civil Procedure 197, made applicable to criminal proceedings through Iowa Rule of Criminal Procedure 18(5)(f), provides:

Additional instructions. *While the jury is deliberating, the court may in its discretion further instruct the jury*, in the presence of or after notice to counsel. Such instruction shall be in writing, be

filed as other instructions in the case, and be a part of the record and any objections thereto shall be made in a motion for a new trial.

(Emphasis added.) The comment to rule 197 notes that the trial court may give additional instructions sua sponte. It states:

This [rule] was partly new, in permitting the court to give additional instructions *on his own motion,* while the statute allowed them only if the jury requested them.

(Emphasis added.)

■ Iowa Rules of Criminal Procedure 18(5)(f) and (g), together with Iowa Rule of Civil Procedure 197, lead us to conclude that the district court has discretion to give supplemental instructions on its own motion in criminal cases as well as in civil cases. This is necessarily subject, however, to the caveat that it must not prejudice the defendant.

The Supreme Court of Rhode Island has stated:

Generally, the decision to give a supplemental instruction, or to refrain from doing so, rests within the sound discretion of the trial justice, and he need not limit himself to answering questions from the jury. As long as the supplemental charge is "scrupulously fair to the defendant and to the state" and does "not infringe upon the fact-finding province of the jury by coercion or improper suggestion," the giving of a supplemental charge is not improper.

*State v. Pignolet,* 465 A.2d 176, 184 (R.I. 1983) (citations omitted). As we have stated,

[a] discretionary ruling is presumptively correct, and on appeal will be overturned only where an abuse of discretion has been demonstrated. An abuse is found only where the discretion is exercised on grounds or for reasons clearly unreasonable.

*Sheer Constr., Inc. v. W. Hodgman & Sons, Inc.,* 326 N.W.2d 328, 334 (Iowa 1982); *see also Rowen v. LeMars Mut. Ins. Co.,* 357 N.W.2d 579, 583 (Iowa 1984).

■ The problem here was not the sufficiency of the evidence of assault; there was abundant evidence of that. The problem is prejudice. The prejudice lies primarily in that Watkins was not permitted to address this critical matter of law in his closing argument.

Under rule of criminal procedure 18(5)(f), it is the duty of the district court to instruct in a criminal case in the same manner as in civil cases. Iowa Rule of Civil Procedure 196 requires that the instruction be submitted to counsel in final form prior to the arguments. Iowa Rule of Criminal Procedure 18(5)(f) makes the same procedure applicable in criminal trials. The effect of these rules is to allow the attorneys to argue the application of the law to the facts of the case. At that time, it is necessary that counsel be informed by the court as to the legal issues being submitted to the jury.

Here, Watkins was denied that opportunity. The supplemental instructions on the alternative means of committing these offenses injected a critical matter into the case without an opportunity for Watkins to meet it. While the State contends that any error was harmless because identity was the main line of Watkins' defense, he nevertheless should have been permitted to address the question of assault if he had known it was to be in the case.

■ The proper time for the State to ask for the assault alternative was at the time the instructions were submitted to counsel for their comments and objections prior to argument, *see* Iowa R.Crim.P. 18(5)(f); Iowa R.Civ.P. 196, not after the arguments.

We also believe there is merit in Watkins' argument that the procedure used in this case had the effect of overemphasizing the assault aspect of the State's case.

We reverse and remand for a new trial.

REVERSED AND REMANDED.