**IN THE COURT OF APPEALS OF IOWA**

No. 13-2078
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY MICHAEL NEWSOM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Henry County, John M. Wright,

Judge.


        A criminal defendant appeals from his conviction for assault causing bodily

injury.  **AFFIRMED.**


        John W. Pilkington of Nidey, Erdahl, Tindel & Fisher, P.L.C., Marengo, for

appellant

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, Darin R. Stater, County Attorney, and Edward G. Harvey and Erin

Stensvaag, Assistant County Attorneys, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Jeremy Newsom appeals from his conviction for assault causing bodily injury. At trial, he asserted affirmative defenses of self-defense, defense of others, and resisting a forcible felony. The trial court, finding insufficient evidence to support an instruction for resisting a forcible felony, declined to give the instruction. Newsom contends this was in error. Newsom also contends the trial court erred in refusing to give further instruction when the jury asked a question during deliberations. We affirm.

## I.   BACKGROUND FACTS AND PROCEEDINGS.

Newsom's girlfriend, Nicole Bresnahan, testified that on the day in question, she was standing outside their home in the front yard. Newsom and the couple's children were inside. Joey and Crystal Marcos drove by the house in a car. They began yelling profanities at Bresnahan from the car. Shortly thereafter a group of people began walking down the street toward Newsom's and Bresnahan's home including Joey and Crystal Marcos, Kairon McClenan, Mitch Genck, Rebecca Dominquez, and Autumn Dorothy. Bresnahan went back inside the house and informed Newsom what was happening. Newsom went outside.

McClenan later testified the group went to the house to entice or persuade Newsom to fight. The men had taken their shirts off and were standing in the street, yelling for Newsom to come out to the street and fight them. Newsom told them to leave his property; they refused. Newsom remained in his yard throughout the incident. Newsom told Bresnahan to call police, which she did.

More people began approaching the home. Newsom and Bresnahan testified one of these people, later identified as Diego Alvarez, said that if Newsom went inside, he would follow Newsom and shoot Newsom, Bresnahan, and their children.[1] Newsom picked up a baseball bat from the porch. Newsom testified McClenan stepped onto Newsom's yard with one arm behind his back. Newsom swung the bat at McClenan and hit him on the left side of his jaw. Newsom testified he was trying to hit McClenan's arm, he believed McClenan had a weapon, he believed his actions were necessary to protect himself from imminent assault, and he had no alternative course of action.

Dorothy testified McClenan never stepped on Newsom's property, but that Newsom repeatedly told the crowd to come onto his property. McClenan testified Genck and Newsom had a disagreement and Genck wanted to settle it by fighting Newsom. Genck testified he was standing in the street, arguing with Newsom and urging him to put down the bat and "come at him like a man." According to Genck, Newsom threatened him, saying, "[C]ome in my yard; I'm going to kill you; I'm going to hit you." Crystal Marcos testified McClenan was looking away from Newsom when Newsom hit him with the bat and that McClenan would not have seen the bat about to hit him. McClenan did not take any kind of defensive motion to block the bat or move his head. McClenan was not carrying any weapon.

Shortly after Newsom hit McClenan, police officers arrived on the scene, and the crowd dispersed. The officers arrested Newsom. They charged several

[1] However, Genck testified Alvarez did not appear on the scene until after Newsom hit McClenan.

other participants with disorderly conduct. The charging officer testified Newsom changed his explanation several times for why he hit McClenan. At one time he explained McClenan had stepped onto his yard. At another time, he said McClenan "flinched" at him. At another time, he said McClenan threatened him but did not clarify what McClenan had said. Still another time, Newsom said McClenan had swung an arm at him.

At trial Newsom asserted an affirmative defense of justification and requested jury instructions on self-defense and defense of others, pursuant to Iowa Code section 704.1 and .3 (2011), and justification for resisting a forcible felony, pursuant to section 704.7. The district court found there was insufficient evidence to support the proposed resisting forcible felony instruction and declined to provide it but did provide instructions on the defense of self and others.

During deliberations, the jury submitted a question to the court. Finding the instructions already stated the necessary law, the court declined to provide further instruction and directed the jury to reread the instructions. Following deliberation, the jury found Newsom guilty of assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2(2).

Newsom appeals contending the trial court abused its discretion in giving the jury instructions. First, he argues the district court erred in not instructing the jury regarding the justification for resisting a forcible felony under Iowa Code section 704.7. He claims this instruction differs from the other justification instructions because it does not require the defendant to retreat or seek an

alternative course of action. Second, he claims the court erred in not responding to the jury question.

## II. STANDARD OF REVIEW.

We review challenges to jury instructions for correction of errors at law. *State v. Frei*, 831 N.W.2d 70, 73 (Iowa 2013). "We review the related claim that the trial court should have given the defendant's requested instructions for an abuse of discretion." *Id.* An abuse of discretion occurs when the court's decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree. *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012).

## III. ANALYSIS.

### A. Resisting Forcible Felony Instruction.

"A trial court must instruct on all material issues raised by the evidence." *State v. Broughton*, 425 N.W.2d 48, 51 (Iowa 1988). "In order to obtain such an instruction, the defendant must produce substantial evidence to support it." *Id.* at 52. "'Substantial' evidence means evidence which could convince a rational trier of fact that the defendant has established his affirmative defense." *Id.* Error in giving or refusing to give a particular jury instruction does not merit reversal unless it results in prejudice to the defendant. *State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996). "When the error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *Frei*, 831 N.W.2d at 73-74.

In order to find Newsom guilty of assault causing bodily injury, the jury had to find each of the following:

1.  . . . [T]he Defendant did an act which was meant to cause pain or injury to Kairon McClenan.
2.  The Defendant had the apparent ability to do the act.
3.  Defendant's act caused a bodily injury to Kairon McClenan.
4.  The Defendant was not acting with justification.

Newsom complains the trial court should have given the jury instruction on justification for resisting a forcible felony. He contends the instruction for resisting a forcible felony differs from the defense-of-self and -others instructions because it does not require the defendant to retreat or seek an alternative course of action. Newsom asserts the forcible felony that was being committed at the time he hit McClenan was McClenan's felonious assault on him.

The jury instruction for defense of self provided:

A person is justified in using reasonable force if he reasonably believes the force is necessary to defend himself from any imminent use of unlawful force.
If the State has proved any one of the following elements, then the defendant was not justified.
1.  The Defendant started or continued the incident which resulted in injury.
2.  An alternative course of action was available to the Defendant.
3.  The Defendant did not believe he was in imminent danger of death or injury and the use of force was not necessary to save him.
4.  The Defendant did not have reasonable grounds for the belief.
5.  The force used by the Defendant was unreasonable.

The instruction for defense of others provided:

A person is justified in using reasonable force if he reasonably believes the force is necessary to defend another from any imminent use of unlawful force.

If the State has proved any one of the following elements, then the defendant was not justified:

1. The defendant knew the person he helped had started or continued the incident, or the defendant himself started or continued the incident which resulted in injury.
2. An alternative course of action was available to terminate defendant.
3. The defendant did not believe the person he helped was in imminent danger of death or injury and the use of force was not necessary to save the person.
4. The defendant did not have reasonable grounds for the belief.
5. The force used by the defendant was unreasonable.

Newsom's proposed jury instruction for resisting a forcible felony was Iowa criminal jury instruction 400.6:

A person is justified in using reasonable force against someone committing a forcible felony to prevent completion of the felony if [he]she] knows a (name of forcible felony) is being committed.

If the State has proved any one of the following elements, the defendant was not justified:

1. The defendant knew (name of forcible felony) was not being committed by (name of victim).
2. The defendant did not believe the force was necessary to prevent the (name of forcible felony).
3. The defendant did not have reasonable grounds for the belief.
4. The force used by the defendant was unreasonable.

Thus, instruction 400.6 omits the requirement that the defendant have no other available course of action. The jury instructions, however, are not themselves laws. In determining whether the law for resisting forcible felony differs appreciably from defense of self or others, we must be guided by the statutes and case law.

The resisting forcible felony defense is set out in Iowa Code section 704.7, which provides, "A person who knows that a forcible felony is being perpetrated is justified in using, against the perpetrator, reasonable force to prevent the completion of that felony." The state legislature enacted section 704.7 in 1976 and revised it in 1977, but Iowa courts have addressed it only once since that time. In an unpublished disposition, the court of appeals found a trial attorney was not ineffective for not raising a forcible felony affirmative defense where the facts did not support the assertion that the victim was committing a forcible felony. *O'Shea v. State*, No. 05-0331, 2006 WL 623593 *3 (Iowa Ct. App. Mar 15, 2006). In that case the court did not address whether the absence of an alternative course of action was an element of proof capable of defeating the affirmative defense of resisting forcible felony.

Several cases dealing with resisting a forcible felony predate the 1976 enactment. In *State v. Harris*, 222 N.W.2d 462, 467 (Iowa 1974), the Iowa supreme court approved a trial court's refusal to give a resisting forcible felony instruction where a defendant shot and killed a man she believed was going to assault her. The supreme court's discussion emphasized that the "foundation of both the doctrines of self-defense and prevention of felony" is "the necessity of imminent danger of loss of life or great bodily harm." *Harris*, 222 N.W.2d at 467. Section 704.7 reflects this concept by its applicability only to *forcible* felonies. Yet, the court in *Harris* found the defendant's request for a justification instruction was overly broad where it stated only that "some felony" was about to be

committed, rather than a felony involving "imminent danger of loss of life or great bodily harm." *Id.*

In *State v. Shannon*, 243 N.W. 507, 510 (Iowa 1932), the court dealt with a statute preceding the current section 704.7 regarding protection of property against felonious acts. Defense of property is not at issue here. The court also dealt with defense of property against felonious acts in *State v. Metcalfe*, 212 N.W. 382, 382 (Iowa 1927). Thus, we acknowledge there is very little case law to aid in our interpretation of section 704.7.

The State points out an issue with the temporal operation of the defense of resisting a forcible felony. Section 704.7 provides a defense where the defendant knows a forcible felony "is being perpetrated," which apparently does not allow the defendant to prevent a forcible felony before it happens. However, in *Harris*, the court stated there was a justification defense when a person observed "an atrocious, violent felony *about to be* or *being* committed." *Harris*, 222 N.W.2d at 466 (emphasis added). *O'Shea*, the only case to interpret section 704.7, involved an ongoing felony already being committed. *See O'Shea*, 2006 WL 623593 at *1.

Nonetheless, if the only difference between the instructions is, as Newsom asserts, that defense of self and others require that there not be an alternate course of action for the defendant to take, we view that argument as not viable here because of the undisputed fact that Newsom never left his property and because of the following jury instruction:

> If the defendant was on his property which he was legally occupying and the alternative course of action was such that he

> reasonably believed he had to retreat or leave his position to avoid the confrontation, he was not required to do so and he could repel force with reasonable force.

Therefore, within the facts of this case, under none of the asserted justification defenses was Newsom required to retreat or leave his position to avoid the confrontation.

Additionally, because the asserted felony was assault, the resisting forcible felony justification would have been in substance indistinguishable from the defense-of-self and -others instructions. The jury rejected Newsom's claims of self-defense and defense of others. As the instruction for resisting forcible felony would have been indistinguishable, Newsom could not have been injuriously affected by the exclusion of the instruction, nor did he suffer a miscarriage of justice. *See Frei*, 831 N.W.2d at 73-74. Consequently, without the necessity of addressing whether the evidence was sufficient to warrant the requested instruction, we conclude the refusal did not result in prejudice to Newsom.

### B.    Answer to Jury Question.

> While the jury is deliberating, the court may in its discretion further instruct the jury, in the presence of or after notice to counsel. Such instruction shall be in writing, be filed as other instructions in the case, and be a part of the record and any objections thereto shall be made in a motion for a new trial.

Iowa R. Civ. P. 1.925. We reverse the court's decision whether to give further instruction only for an abuse of discretion. *State v. Watkins*, 463 N.W.2d 15, 18 (Iowa 1990).

During deliberations, the jury asked, "If the State has not brought enough evidence to prove beyond a reasonable doubt that Mr. Newsom did not have the right to defend his property and family, then is Mr. Newsom not guilty on all counts." Newsom requested that the court instruct the jury that the burden remained on the State. The court determined that the previous instructions contained the answer to the question, and it did not want to interfere with deliberations by emphasizing any particular instruction. The court responded to the jury with the following statement, "I cannot answer your question. Please re-read the instructions."

The jury had already been instructed on the elements of the charged offenses, and on the defenses, which included the following language: "If the State has proved any one of the following elements, the defendant was not justified." The following instructions explained the burden of proof:

Instruction No. 2

[T]he burden is on the State to prove guilt beyond a reasonable doubt. Whenever I instruct you the State must prove something, it must be by evidence beyond a reasonable doubt. If the State does not prove the defendant guilty beyond a reasonable doubt, your verdict must be not guilty.

Instruction No. 8

The burden is on the State to prove the Defendant guilty beyond a reasonable doubt.

Giving the instruction Newsom requested would have been repetitious and unnecessary. The jury was adequately instructed that the State was required to prove at least one of the elements in order to defeat each justification defense, and that anything the State was required to prove must be by evidence beyond a

reasonable doubt.  We discern no abuse of the court's discretion in directing the jury to re-read the instructions.

## IV.    CONCLUSION.

We conclude Newsom was not prejudiced by the district court's refusal to instruct the jury on the defense of resisting a forcible felony, as the facts of the case render the instruction in substance indistinguishable from instructions already given for defenses the jury rejected.  We further find the additional response to the jury question would have been repetitious of previous instructions and unnecessary.  The court did not abuse its discretion in refusing to give further instruction.

**AFFIRMED.**